**Willie Gene RUFF, Plaintiff—Appellant,**

v.

**James GOMES, Director of Corrections; et al., Defendants—Appellees.**

No. 04–16991.

United States Court of Appeals, Ninth Circuit.

*** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Aug. 1, 2005.*

Decided Aug. 5, 2005.

Willie Gene Ruff, Corcoran, CA, pro se.

George Dey Prince, Office of the California Attorney General, San Diego, CA, Barbara N. Sutliffe, Esq., Office of the California Attorney General, San Francisco, CA, for Defendants—Appellees.

Before: O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

## MEMORANDUM **

California state prisoner Willie Gene Ruff appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging defendants deprived him of property without due process of law and interfered with his right to access the courts. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Bingham v. City of Manhattan Beach*, 341 F.3d 939, 945 (9th Cir.2003), and we affirm.

■ The district court properly granted summary judgment on Ruff's claim as to whether his due process rights were violated because the prison policy of limiting each prisoner to six cubic feet of personal property is rationally related to a legitimate penological interest. *See Turner v. Safely*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

■ The district court properly granted summary judgment on Ruff's access to courts claim because he failed to raise a genuine issue of material fact that defen-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dants' requiring him to send out two boxes of legal materials actually hindered his ability to pursue his habeas petition filed more than a year later. *See Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Cornett v. Donovan,* 51 F.3d 894, 899 (9th Cir.1995) ("The right of access is designed to ensure that a habeas petition or a civil rights complaint of a person in state custody will reach a court for consideration.").

AFFIRMED.